

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| John Spruill, Charles King, Roman Monterrubio, Rodolfo Monterrubio, Anthony Sneed, Sofia Gonzalez, Frank Novosel, Jayson Calvillo, John Churilla, Rick Dolata, David Gawlinski, Paul Lasocki, Robert Lestinsky, Alan Libby, John Lyczak, Anthony Wydell Lyke, Roberto Velazquez, Sr., Cody Woolsey, Greg Houser, Jr., and Michael Fallon, Plaintiffs, v. City of Calumet City, Illinois, Michelle Qualkinbush, and George Vallis, Defendants. | No. 04 C 7492  Wayne R. Andersen  District Judge |

## MEMORANDUM, OPINION AND ORDER

This matter comes before the court on defendants City of Calumet City, Illinois, Michelle Qualkinbush, and George Vallis's joint motion for summary judgment filed pursuant to Federal Rule of Civil Procedure 56. The defendants' motion for summary judgment encompasses plaintiffs' claims for retaliation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. For the following reasons, the defendants' motion for summary judgment is granted.

## BACKGROUND

This case was originally brought as an action to remedy violations under the FLSA. Plaintiffs Spruill, King, Roman Monterrubio and Rodolfo Monterrubio alleged that defendants

refused to pay overtime as required by the FLSA. Counts I and II of the original complaint, which were related to the FLSA violations, were dismissed with prejudice after the parties agreed to settle those claims. After a number of the plaintiffs were laid off by defendants on April 15, 2005, the complaint was amended to add Count III, which alleged retaliation under the FLSA. The complaint was amended once again to add additional plaintiffs with similar claims.

Before the court is defendants' motion for summary judgment. Defendants claim that plaintiffs have not offered any evidence that the defendants retaliated against them for reporting FLSA violations. Additionally, the defendants claim that city budget problems first led to seventeen employees being laid off on April 15, 2005, and the city's subsequent decision to privatize the city's refuse collection led to twenty-one more employees being laid off in January, 2006. Not every laid off employee is part of this lawsuit; only twenty are plaintiffs here.

The defendants provide evidence that fourteen of the twenty plaintiffs signed settlement agreements which granted them a severance payment of $1,500, and under which those plaintiffs agreed not to bring any actions concerning their job terminations except for unemployment compensation and workers compensation claims or for enforcement of the provisions of the settlement agreement. Defendants also provide evidence that two of the plaintiffs received severance payments, one of the plaintiffs signed a separation agreement and received a severance payment similar to the severance payments received by the other plaintiffs, one plaintiff voluntarily quit before the terminations occurred, and two of the plaintiffs were terminated for cause.

Plaintiffs offer no evidence to rebut the defendants' claims except that the settlement agreements for four of the plaintiffs were executed without plaintiff counsel's knowledge or

consent in violation of the Illinois Rules of Professional Conduct 4.2.

## DISCUSSION

Summary judgment is proper only when the complete record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(C). The moving party has the initial burden of demonstrating the absence of evidence to support the position of the nonmoving party. *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994). The burden then shifts to the nonmoving party to establish that there are genuine issues of material fact and that the nonmoving party is not entitled to judgment as a matter of law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 252 (1986). A genuine dispute about a material fact exists only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

In ruling on a motion for summary judgment, the Court must draw every reasonable inference from the record in the light most favorable to the nonmoving party and should not make credibility determinations or weigh evidence. *Association Milk Producers, Inc. v. Meadow Gold Dairies, Inc.*, 27 F.3d 268, 270 (7th Cir. 1994). The nonmoving party must support its assertions with admissible evidence and may not rest upon the mere allegations in the pleadings or conclusory statements in affidavits. *Celotex*, 477 U.S. at 324. Additionally, Rule 56(c) mandates summary judgment when the nonmoving party fails to establish the existence of an element essential to its case and on which that party will bear the burden of proof at trial. The production of only a scintilla of evidence will not suffice to defeat a motion for summary judgment. *Anderson*, 477 U.S. at 252.

The defendants' primary argument for summary judgment is that the plaintiffs have settled their claims with the City of Calumet City through their labor union, the American Federation of Professionals ("AFP"). In settlement agreements dated January 28, 2006, fourteen of the twenty plaintiffs (John Spruill, Charles King, Roman Monterrubio, Rodolfo Monterrubio, Jayson Calvillo, Rick Dolata, Paul Lasocki, Robert Lestinsky, Alan Libby, John Lyczak, Anthony Wydell Lyke, Roberto Velazquez, Sr., Cody Woolsey, and Gregory Houser) signed settlement agreements, under which they received payments ranging from $1,500 to $2,000, in exchange for agreeing:

> not to bring any action concerning April 15, 2005 terminations in either State or Federal court in any jurisdiction, or before any labor board or State or Federal agency against [the City of Calumet City] or any of its officers, agents or assigns, except for claims for unemployment compensation and workers compensation claims or for enforcement of the provisions of this Agreement.

As evidence, defendants provided executed settlement agreements and cancelled, endorsed checks for the above fourteen plaintiffs. Defendants have also provided cancelled, endorsed checks for two additional plaintiffs (Anthony Sneed and David Gawlinski) as evidence of their participation in the settlement agreements.

One plaintiff, John Churilla, signed a separate Separation Agreement, under which he received $1,500 in exchange for agreeing:

> not to bring any action concerning the lay-off in either State or Federal court in any jurisdiction, or before any labor board or State or Federal agency against [the City of Calumet City] or any of its officers, agents or assigns, except for claims for unemployment compensation and workers compensation claims.

Three plaintiffs were not involved in the settlement or separation agreements. Defendants provided a copy of plaintiff Sofia Gonzalez's employment personnel record form, which

4

indicates she quit her job on March 31, 2005. They provided a copy of plaintiff Michael Fallon's employment personnel record form, and a separate personnel directive, both of which indicate that he lost his job for being intoxicated while on duty. Finally, defendants provided a copy of plaintiff Frank Novosel's employment personnel record form, and a separate Department of Public Works memorandum, which indicate that he lost his job as a result of an accident on January 28, 2005, and his subsequent failing of a drug test. By the court's count, the defendants have accounted for each of the twenty plaintiffs.

"A settlement agreement is a contract and as such, the construction and enforcement of settlement agreements are governed by principles of local law applicable to contracts generally." *Laserage Tech. Corp. v. Laserage Labs., Inc.*, 972 F.2d 799, 802 (7th Cir. 1992), quoting *Air Line Stewards and Stewardesses Assoc. v. Trans World Airlines, Inc.*, 713 F.2d 319, 321 (7th Cir.1983). In interpreting a contract under Illinois law, "the paramount objective is to give effect to the intent of the parties as expressed by the terms of the agreement." *Int'l Minerals & Chem. Corp. v. Liberty Mutual Ins. Co.*, 168 Ill.App.3d 361, 119 Ill.Dec. 96, 102, 522 N.E.2d 758, 764 (1988).

Additionally, a release is a contract, and "its construction is governed by the rules of law that prevail in contract cases." *Havoco of Am., Ltd. V. Sumitomo Corp. Of Am.*, 971 F.2d 1332, 1341 (7th Cir. 1992), quoting *Ainsworth Corp. v. Cenco, Inc.*, 107 Ill.App.3d 435, 63 Ill.Dec. 168, 172, 437 N.E.2d 817, 821 (1982). As with any contract, "[a] release may be set aside if there is fraud in the inducement." *Phil Dressler & Assoc. v. Old Oak Brook Inv. Corp.*, 192 Ill.App.3d 577, 139 Ill.Dec. 629, 633, 548 N.E.2d 1343, 1347 (1989). The elements of fraudulent inducement, are: "(1) a false statement of material fact; (2) known or believed to be

5

false by the person making it; (3) an intent to induce the other party to act; (4) action by the other party in reliance on the truth of the statement; and (5) damage to the other party resulting from such reliance." *Havoco of Am.*, 971 F.2d at 1341, quoting *Cotter v. Parrish*, 166 Ill.App.3d 836, 117 Ill.Dec. 821, 824, 520 N.E.2d 1172, 1175 (1988).

The plaintiffs do not provide any evidence, nor do they even allege, that there was any fraud in the inducement of the settlement agreements. They offer no argument why the court should not accept the settlement agreements as dispositive of the retaliation claims. Instead, they claim that as to the four original plaintiffs, John Spruill, Charles King, Roman Monterrubio, Rodolfo Monterrubio, the defendants have violated Illinois Rules of Professional Conduct 4.2, which provides:

> During the course of representing a client a lawyer shall not communicate or cause another to communicate on the subject of the representation with a party the lawyer knows to be represented by another lawyer in that matter unless the first lawyer has obtained the prior consent of the lawyer representing such other party or as may otherwise be authorized by law.

Plaintiffs claim that because the settlement agreements were executed on January 28, 2006, and the four original plaintiffs were represented by counsel for the retaliation claims on June 6, 2005, contact with the plaintiffs by defendants or their counsel was in contravention of the Illinois Rules of Professional Conduct 4.2. They fail, however, to provide any evidence that defendants' attorneys communicated with the plaintiffs in violation of this rule.

Illinois Rule 4.2 "is designed to protect litigants represented by counsel from direct contacts by opposing counsel." *In re Segall*, 509 N.E.2d 988, 990 (Ill.,1987). In this case, plaintiffs provide no evidence that defendants' counsel communicated in any way with plaintiffs. The Settlement Agreements were made between the City of Calumet City and the AFP, which

6

represented the interests of the plaintiffs in their collective bargaining contract. The plaintiffs fail to provide any evidence that the defendants' counsel approached them, joined in the negotiations between the City of Calumet City and the AFP, or otherwise induced them into signing the settlement agreement. We respectfully disagree with the plaintiffs' contention that summary judgment should be denied because defendants' counsel violated Illinois Rule 4.2. We see no such violation here.

Because plaintiffs have failed to counter evidence establishing that (1) seventeen of the twenty plaintiffs entered into binding settlement or separation agreements preventing them from litigating claims relating to their April 15, 2005 job terminations with the City of Calumet City, Illinois, (2) one of the plaintiffs voluntarily quit her employment, and (3) two of the plaintiffs' employment with the City of Calumet City, Illinois were terminated for cause, no genuine issues of material fact exist, their retaliation claim fails as a matter of law, and summary judgment must be granted.

## CONCLUSION

For the foregoing reasons, defendants City of Calumet City, Illinois, Michelle Qualkinbush, and George Vallis's joint motion for summary judgment [75] is granted.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: May 29, 2007